IN THE UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

IN RE: Cho Pun Davis, Debtor                    No.  5:07-bk-71175
                                                Ch. 13

OPINION AND ORDER

Before the Court is an Objection to Confirmation of Initial Plan filed on June 4, 2007, by the chapter 13 trustee in this case.  The Court held a hearing on October 17, 2007, at which time the Court took the matter under advisement and gave all parties until December 14, 2007, to submit post-trial briefs.  For the reasons stated below, the Court overrules the trustee's objection.

**Jurisdiction**

This Court has jurisdiction over this matter under 28 U.S.C. § 1334 and 28 U.S.C. § 157, and it is a core proceeding under 28 U.S.C. § 157(b)(2)(L).  The following order constitutes findings of fact and conclusions of law in accordance with Federal Rule of Bankruptcy Procedure 7052, made applicable to this proceeding under Federal Rule of Bankruptcy Procedure 9014.

**Background**

On April 20, 2007, the debtor filed her chapter 13 voluntary petition, chapter 13 plan, and Official Form B22C, otherwise known as the "means test."  On October 4, 2007, the debtor filed an amended means test.  On her amended means test, the debtor claimed an ownership expense on line 28 of $471.00 for one vehicle and an operation expense on line 27 of $343.00 for two vehicles.  According to her Schedule B, the debtor owns a 1998 Chevrolet Cavalier; no other vehicle is listed on Schedule B.  The parties stipulated that the debtor owns the Cavalier free and clear of liens and "makes no monthly payment for ownership of this vehicle."   The debtor's plan proposes to pay nonpriority unsecured claims "[a] PRORATA dividend from funds remaining after payment of all other classes

of claims . . . ." The chapter 13 trustee objects to confirmation of the debtor's plan on the basis that the debtor is not committing all of her disposable income to the plan because the debtor is not entitled to deduct the ownership and operating expenses as claimed on her means test. Specifically, the trustee argues that the debtor is not entitled to claim the ownership expense for the Cavalier on line 28 because the debtor owns the Cavalier free and clear of liens and makes no "ownership" payment on the vehicle. The trustee also asserts the debtor is not entitled to claim the operating expense on line 27 for two vehicles because, according to the trustee, the debtor only owns one vehicle. At the trial, the U.S. Trustee adopted the chapter 13 trustee's objection.

**Findings of Fact and Conclusions of Law**

Under 11 U.S.C. § 1325, a chapter 13 plan must meet one of two requirements in order to be confirmed over the trustee's objection:

> (A) the value of the property to be distributed under the plan on account of such claim is not less than the amount of such claim; or
> (B) the plan provides that all of the debtor's projected disposable income to be received in the applicable commitment period beginning on the date that the first payment is due under the plan will be applied to make payments to unsecured creditors under the plan.

11 U.S.C. § 1325(b)(1). Because the debtor's plan does not propose to pay the unsecured creditors in full, the debtor must provide in her plan that all of her projected disposable income will be applied to make payments to unsecured creditors throughout the applicable commitment period. 11 U.S.C. § 1325(b)(1)(B). A chapter 13 debtor's "disposable income" is determined by taking the debtor's "current monthly income" and subtracting amounts reasonably necessary for the debtor's maintenance and support. 11 U.S.C. § 1325(b)(2).[1] Because the debtor is an above-median income debtor, "[a]mounts

---

[1] "Disposable income" is defined, in relevant part, as,
current monthly income received by the debtor . . . less amounts reasonably necessary to be expended--(A)(i) for the maintenance or support of the debtor or a dependent of the debtor . . . (ii) for charitable contributions . . . and (B) if the debtor is engaged in business, for the payment of expenditures necessary for the continuation, preservation, and

reasonably necessary to be expended . . . shall be determined in accordance with subparagraphs (A) and (B) of section 707(b)(2) . . . ." 11 U.S.C. § 1325(b)(3). The computation required by 11 U.S.C. § 707(b)(2) is made on official form B22C, the means test, and subsection (b)(2), states in pertinent part:

> The debtor's monthly expenses *shall be the debtor's applicable monthly expense amounts specified under the National Standards and Local Standards*, and the debtor's actual monthly expenses for the categories specified as Other Necessary Expenses issued by the Internal Revenue Service for the area in which the debtor resides, as in effect on the date of the order for relief, for the debtor, the dependents of the debtor, and the spouse of the debtor in a joint case, if the spouse is not otherwise a dependent.

11 U.S.C. § 707(b)(2)(A)(ii)(I) (emphasis added). The Local Standards are the Collection Financial Standards used by the Internal Revenue Service [IRS] to determine a taxpayer's ability to pay delinquent taxes. *In re Fowler,* 349 B.R. 414, 416 (Bankr. D. Del. 2006). According to § 707(b)(2), the amounts allowed for certain expenses in IRS Local Standards may be deducted on the means test, including "Operating Costs and Public Transportation Costs" and "Ownership Costs."

The bankruptcy code does not elaborate on "applicable monthly expense amounts" or define "operating costs" or "ownership costs." The U.S. Trustee's website provides the data for the Local Standards referenced by § 707(b)(2).[2] On the U.S. Trustee's webpage titled "Census Bureau, IRS Data and Administrative Expenses Multipliers," debtors choose the time period in which the bankruptcy case was filed. After selecting a time period, debtors are directed to a webpage with data and standards corresponding to when the bankruptcy petition was filed. Under the subsection titled "<u>Local Transportation Expense Standards</u> - By Metropolitan Statistical Area and Census Region," the webpage

---

    operation of such business.
11 U.S.C. § 1325(b)(2).

    [2] The Local Standards on the U.S. Trustee's website are located at http://www.usdoj.gov/ust/eo/bapcpa/meanstesting.htm.

states that,

> The Operating Costs & Public Transportation Costs component of the Transportation Standards is published by number of cars and by Metropolitan Statistical Area (MSA) and Census Bureau region. . . . The Ownership Costs component of the Transportation Standards is published on a national basis, by number of cars.

After the debtor selects a region, the debtor is directed to a page that shows operating expense standards based on the region where the debtor resides and the number of vehicles for which the debtor is claiming an operating expense and a national ownership expense standard based on the number of vehicles for which the debtor is claiming the ownership expense.

### Ownership Expense Deduction

In this case, the debtor claimed an ownership expense in the amount of $471.00 for one vehicle. Because $471.00 is the expense amount according to the IRS's Local Standards based on the area in which the debtor resides and the number of cars for which she claimed the ownership deduction, $471.00 is the "applicable" expense amount. There is nothing in the bankruptcy code that requires a debtor to have a vehicle payment or a lien in order to claim an ownership expense.[3]

Some of the current conflict among bankruptcy courts concerns whether the Internal Revenue Manual's [IRM] application of the Local Standards when determining a taxpayer's ability to pay a delinquent tax liability is relevant to the question of whether a debtor can take the ownership expense on the means test. *In re Moorman*, 376 B.R. 694,

---

[3] In fact, the means test form only directs the debtor to subtract the "Average Monthly Payment for any debts secured" by the debtor's vehicle from the ownership expense standard obtained from the IRS Local Standards in order to determine the debtor's "net ownership/lease expense."

4

697 (Bankr. C.D. Ill. 2007).[4]  One court considered the IRM relevant after reasoning that, "[b]ecause the Local Standards are issued by the Internal Revenue Service, it is instructive to refer to publications of that organization for guidance as to the types of 'debt payments' that can reduce allowances under the Local Standards." *In re Hardacre*, 338 B.R. 718, 726 (Bankr. N.D. Tex. 2006).  The IRM states that " '*[i]f a taxpayer has a car payment*, the allowable ownership cost added to the allowable operating cost equals the allowable transportation expense,' but '[i]f a taxpayer has no car payment, only the operating cost portion of the transportation standard is used to figure the allowable transportation expense.' "  *In re McGuire*, 342 B.R. 608, 613 (Bankr. W.D. Mo. 2006) (quoting IRM, Financial Analysis Handbook § 5.15.1.7(4)(b)).  Courts that have consulted the IRM for guidance have concluded that debtors may not take an ownership allowance if their vehicle was owned free and clear of liens.  *See, e.g., In re Oliver*, 350 B.R. 294, 301 (Bankr. W.D. Tex. 2006); *In re Carlin*, 348 B.R. 795, 798 (Bankr. D. Or. 2006); *In re McGuire*, 342 B.R. at 613.

However, two factors caution against using the IRM as guidance when interpreting the bankruptcy code.  First, the IRM is not incorporated by reference in § 707(b).  *In re Farrar-Johnson,* 353 B.R. 224, 231 (Bankr. N.D. Ill. 2006).  Although there is evidence that Congress considered incorporating the IRM into the bankruptcy code, ultimately it did not.  *In re Moorman*, 376 B.R. at 698;  *In re Fowler*, 349 B.R. at 419 (stating "[t]he change from the prior version evidences Congress' intent that the Courts not be bound by the financial analysis contained in the IRM and lends credence to the Court's conclusion that it should look only to the amounts set forth in the Local Standards").  Second, the

---

[4]  The court in *Moorman* noted that arguments had been made on the ownership expense deduction in at least 41 courts, including district court rulings in *Fokkena v. Hartwick,* 373 B.R. 645, 650-51 (D. Minn. 2007) and *In re Ross-Tousey,* 368 B.R. 762 (E.D. Wis. 2007), which are cited by the chapter 13 trustee in her brief.  Regardless of the district court rulings, the *Moorman* court still concluded that a debtor is entitled to take the ownership expense deduction.  The *Moorman* court pointed out that at the time of its decision, 24 courts had allowed the ownership expense deduction and 17 had not allowed the ownership expense deduction.

5

IRM is not a source from which a court should glean Congress's intent regarding the means test. *In re Chamberlain*, 369 B.R. 519, 525 (Bankr. D. Ariz. 2007).  The IRS is not an administrative agency that administers the bankruptcy code, and Congress did not instruct courts to allow ownership expense deductions on the means test only in situations where an IRS field agent would allow the expense in the context of a taxpayer.  *In re Chamberlain*, 369 B.R. at 525;  *In re Fowler*, 349 B.R. at 417 ("Under section 707(b)(2)(A), the Local Standards are used not as a cap, but as the actual deductions to which the Debtor is entitled.  In contrast, for IRS purposes, the Local Standards are used as a cap for expenses to which the taxpayer may be entitled").   Therefore, although Congress did incorporate the IRS's Local Standards into the bankruptcy code, courts should not consult the IRM when deciding when and how those standards apply to a bankruptcy debtor for purposes of section § 707(b).  *In re Moorman*, 376 B.R. at 697.

Courts have also focused on the meaning of the term "applicable" as used in § 707(b)(2). Some courts have interpreted "applicable" as precluding debtors from taking an ownership expense deduction for vehicles owned free and clear of liens or payments.  For example, "if a debtor is not incurring expenses for the purchase or lease of a vehicle, the debtor cannot claim a vehicle ownership expense under the IRS standards" because the ownership expense is not "applicable" to that debtor.  *In re McGuire*, 342 B.R. at 613.  In contrast, courts allowing the debtor to claim the ownership expense for vehicles owned free and clear of liens reason that whether an expense is applicable under the IRS's Local Standards depends on the number of vehicles claimed and where the debtor resides, not whether the debtor owns the car free and clear of liens or payments.  *In re Haley*, 354 B.R. 340, 343-44 (Bankr. D. N.H. 2006) (noting that in § 707(b)(2)(A)(ii)(I), "applicable" modifies the phrase "monthly expense amounts specified under the National Standards and Local Standards").  The meaning of  "applicable" as referenced in *Haley* is the sounder rationale.

Additionally, in § 707(b)(2), Congress chose to use "actual" with respect to Other Necessary Expenses, but used "applicable" with respect to the National and Local

6

Standards; therefore, a debtor's "applicable" monthly transportation expense amount under the Local Standards does not necessarily have to reflect the debtor's "actual" transportation expenses. *In re Fowler*, 349 B.R. at 418. The U.S. Trustee argues that because "applicable" is not defined in the bankruptcy code, it must be given its plain and ordinary meaning. According to the U.S. Trustee, *Random House Unabridged Dictionary* defines "applicable" to mean "applying or capable of being applied; relevant; suitable; appropriate." Although this definition may support the U.S. Trustee's position, it also comports with "applicable" as referenced in *Haley*.

Further, it seems patently unfair that a debtor who has only one payment remaining on a vehicle or who obtains a small loan collateralized by a vehicle just prior to filing, should be able to take the deduction over another debtor who owns the vehicle outright. *In re Wilson*, 373 B.R. 638, 643-44 (Bankr. W.D. Ark. 2007). As the *Moorman* court points out:

> If Congress had wanted to limit vehicle ownership deductions to the amount actually expended for secured debt payment as the IRS does, albeit with a cap, it could have done so by allowing the secured debt payment in full and eliminating the ownership deduction altogether. But, Congress did not do that.

376 B.R. at 699.

Section 707(b) refers only to the IRS Local Standards and does so for a single purpose--to determine the expense figure to use on the means test. After choosing this figure based on where the debtor lives and how many cars for which the debtor is claiming the deduction, the debtor puts the ownership expense standard on line 28 of the means test and completes the calculation. In this case, the debtor has used the applicable monthly expense amount according to the Local Standards on her means test and is entitled to the deduction as an ownership expense.

### Operation Expense Deduction

Federal Bankruptcy Rule 1007(b)(6) states that,

7

> a debtor in a chapter 13 case shall file a statement of current monthly income, prepared as prescribed by the appropriate Official Form, and, if the debtor has current monthly income greater than the median family income for the applicable state and family size, a calculation of disposable income in accordance with § 1325(b)(3), prepared as prescribed by the appropriate Official Form.

As stated above, the Official Form prescribed by Rule 1007(b)(6) is Form B22C, or the means test. Line 27 of the means test allows debtors to take a deduction for a "transportation; vehicle operation/public transportation expense" and states that

> [y]ou are entitled to an expense allowance in this category regardless of whether you pay the expenses of operating a vehicle and regardless or whether you use public transportation. Check the number of vehicles for which you pay the operating expenses or for which the operating expenses are included as a contribution to your household expenses in Line 7.

The debtor checked the box indicating "2 or more" vehicles. The trustee has objected to the debtor taking an operating deduction for two vehicles because, according to the trustee, the debtor only owns one vehicle, and, therefore, may only take the operating expense for one vehicle. Although the debtor only listed one car on Schedule B, the means test does not direct the debtor to check a box according to how many cars she owns, but only according to "the number of vehicles for which you pay the operating expenses or for which the operating expenses are included as a contribution to your household expenses in Line 7." Because the debtor has listed zero on Line 7, presumably she is claiming on her means test that she pays all the operating expenses for two vehicles. The trustee introduced no evidence to show that the debtor is not paying operating expenses for two vehicles, nor did the parties so stipulate.

According to the IRS Local Standards, a debtor who lives in Arkansas and has chosen two cars on her means test can take an expense amount of $343.00, which is how much this debtor has claimed as a deduction on her means test. Absent any evidence that the debtor does not pay the operating expenses for two vehicles, it appears the debtor has filled out the means test correctly on line 27 and has committed all of the "projected disposable income" that is required by the official form to the plan.

Because the Court finds that the debtor is entitled to take the ownership and operating expenses as claimed on her means test, the Court overrules the trustee's objection and confirms the debtor's plan.

IT IS SO ORDERED.

February 26, 2008
DATE

BEN T. BARRY
UNITED STATES BANKRUPTCY JUDGE

cc: Emily Henson and Jack L. Martin, attorneys for the debtor
     Joyce Bradley Babin, chapter 13 trustee
     U.S. Trustee
     All creditors and interested parties